UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

*Electronically filed*

| | |
|---|---|
| RICHARD BARTON, *et al.* <br><br> *Plaintiffs* <br><br> v. <br><br> U.S. DEPARTMENT OF LABOR, *et al.* <br><br> *Defendants* | Civil Action No. 5:24-cv-000249-DCR |

## MOTION TO INTERVENE

Several private plaintiffs, including individual Kentucky farmers and associations that work with farmers across the United States, have filed a lawsuit in this Court to challenge the Department of Labor regulation entitled, *Improving Protections for Workers in Temporary Agricultural Employment in the United States*, 89 Fed. Ref. 33898 (Apr. 29, 2024) ("Final Rule"). Under Rule 24 of the Federal Rules of Civil Procedure, the Commonwealth of Kentucky and the States of Alabama, Ohio, and West Virginia (collectively, "the States") seek to intervene in this action to assert the States' substantial interests.

### BACKGROUND

According to the Department of Labor ("Department"), the Final Rule was promulgated pursuant to its authority under the Immigration and Nationality Act,

1

as amended by the Immigration Reform and Control Act ("IRCA"), and under the Wagner-Peyser Act. *See* 89 Fed. Reg. at 33,899.

Through IRCA, Congress allows for a class of migrant workers who come temporarily to the United States to perform agricultural labor or services. 8 U.S.C. § 1101(a)(15)(H)(ii)(a) ("H-2A"). Employers wishing to "import[ ]" these H-2A workers must petition the U.S. Attorney General for approval. 8 U.S.C. § 1184(c)(1). The Attorney General may not approve a petition unless the petitioner has applied to the Secretary of Labor for a certification that confirms (1) "there are not sufficient workers who are able, willing, and qualified, and who will be available at the time and place needed, to perform the labor or services involved in the petition," and (2) "the employment of the alien in such labor or services will not adversely affect the wages and working conditions of workers in the United States similarly employed." 8 U.S.C. § 1188(a)(1). An employer who is certified has access to employment services as established under the Wagner-Peyser Act, 29 U.S.C. § 49, *et seq.*, including having jobs posted on the Agricultural Recruitment System, an interstate and intrastate agricultural job recruitment system. *See* 89 Fed. Reg. at 33,899.

The Final Rule places new demands on farmers who seek to employ H-2A workers. *See* 89 Fed. Reg. at 33,989 (explaining the Department is establishing "minimum terms and conditions of employment"). It also requires State workforce agencies ("SWAs") to "initiate procedures for discontinuation of [employment]

2

services to employers who" do not comply with the conditions for employment. *Id.* at 34,065–66.

After the Final Rule was published, 17 states, a farmer, and a trade association challenged it in a federal district court in Georgia. On August 26, 2024, that court found that "by implementing the Final Rule, the DOL has exceeded the general authority constitutionally afforded to agencies." *Kansas v. U.S. Dep't of Labor*, No. 2:24-cv-76, 2024 WL 3938839, at *7 (S.D. Ga. Aug. 26, 2024). It therefore granted the plaintiffs' motion for a preliminary injunction because it found the plaintiffs were likely to succeed on the merits of their claim that the Final Rule is unlawful. *See id.* at *9. The court limited the injunctive relief to the plaintiffs involved in that litigation. *Id.* at *13.

As of September 12, 2024, the Department is operating a bifurcated system, where States and individuals who were involved in the *Kansas* litigation can continue to use old forms when seeking to use H-2A workers, but those States and individuals who were not involved in that litigation must use new forms and comply with all of the requirements in the Final Rule.[1]

The private plaintiffs here were not plaintiffs in the *Kansas* litigation. Nor were the States in which they or their members reside. Because they are thus now subject to the requirements of the Final Rule, they have filed suit in this Court to

---

[1] *The Department of Labor's Office of Foreign Labor Certification Announces Revised Transition Schedule and Technical Guidance for Implementing H-2A Job Orders and Applications Associated with the 2024 Farmworker Protection Final Rule; Compliance with District Court Order* (Sept. 10, 2024), *available at* https://www.dol.gov/agencies/eta/foreign-labor/news (last accessed Sept. 17, 2024).

3

seek preliminary and permanent injunctive relief and ask for the Final Rule to be vacated. Doc. 1, PageID.37.

Kentucky, Alabama, Ohio, and West Virginia were not plaintiffs in the Kansas litigation. Since the SWAs in these States are thus immediately subject to the requirements of the Final Rule that are directed at SWAs, the four States seek to intervene in this action to defend the States' interests. In the proposed intervenor complaint, the States also seek preliminary and permanent injunctive relief and ask this Court to vacate the unlawful Final Rule.

## ARGUMENT

Under Rule 24 of the Federal Rules of Civil Procedure, a "court must permit" a party to intervene as a matter of right, if, on a timely motion, the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

Alternatively, the court may allow a party to intervene if, on a timely motion, the party "has a claim or defense that shares with the main action a common question of law or fact." Rule 24(b)(1). For permissive intervention, a court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Rule 24(b)(3).

The States, through their Attorneys General, should be allowed to intervene under either of these intervention options in Rule 24.

4

### I.   The States are entitled to intervene as of right.

The Sixth Circuit has established that a proposed intervenor must establish four elements to intervene as of right. *See United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005). First, the motion to intervene must be timely. *Id*. Second, the proposed intervenor needs to demonstrate it "has a substantial legal interest in the subject matter of the case." *Id*. Third, the proposed intervenor needs to show that its "ability to protect that interest may be impaired in the absence of intervention." *Id*. Finally, the proposed intervenor must show "the parties already before the court may not adequately represent the proposed intervenor's interest." *Id*.

It is the proposed intervenor's burden to prove each of the four factors. *Id*. Yet, if there is some question, the factors should be "broadly construed in favor of potential intervenors," *Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007) (quoting *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991)), and "close cases should be resolved in favor of recognizing an interest under Rule 24(a)." *Grutter v. Bollinger*, 188 F.3d 394, 399 (6th Cir. 1999) (citation omitted). The States can meet their burden to show they are entitled to intervene in this case.

### A.   The motion is timely.

Timeliness is a threshold issue that the States easily pass. *See Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011). Courts in this circuit consider five factors—none of which are individually determinative—when deciding whether a motion to intervene is timely:

> 1) the point to which the suit has progressed; 2) the purpose for which intervention is sought; 3) the length of time preceding the application during which the proposed intervenors knew or should have known of

their interest in the case; 4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and 5) the existence of unusual circumstances militating against or in favor of intervention.

*Id.* (quoting *Jansen v. Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)).

The Plaintiffs in this action filed their complaint on September 16, 2024. Doc. 1. The States filed this motion just four days later. As of the time this motion was filed, the suit has not progressed beyond being assigned a case number and a judge, and summons issued. The Defendants have yet to file an answer. There is no prejudice to the original parties based on delay because the States have moved to promptly intervene. Additionally, the States are not aware of any unusual circumstances that would militate against intervention. Rather, because of the States' interest as objects of the Final Rule, the circumstances weigh in favor of allowing intervention so the States can protect their interest. When considering the five factors, it is clear the States' motion to intervene is timely.

### B. The States have a substantial interest in the subject matter of this litigation.

The Sixth Circuit has adopted "a rather expansive notion of the interest sufficient to invoke intervention of right" to demonstrate adherence to the second factor. *Grutter*, 188 F.3d at 398. As it has explained, "an intervenor need not have the same standing necessary to initiate a lawsuit," nor does an intervenor need to demonstrate "a specific legal or equitable interest." *Id*. The States do not need such leniency; they can easily demonstrate they have a substantial interest in the subject matter of this action.

6

The States' SWAs are the object of some of the Final Rule's requirements. *See* 89 Fed. Reg. at 34,058 (amending 20 C.F.R. § 653.501 by adding a paragraph that says, "If the employer requesting access to the clearance system is currently debarred from participating in the H-2A or H-2B foreign labor certification programs, the SWA must initiate discontinuation of services . . . ."); *id.* at 34,065 (revising 20 C.F.R. § 658.501 to establish bases for when "SWA officials must initiate procedures for discontinuation of services to employers").

Where a State is "'the object of' [the rule's] requirement[s]," "there can be 'little question'" that the rule injures the State. *W. Va. v. Envtl. Prot. Agency,* 597 U.S. 697, 719 (2022) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561–562 (1992)); *see also Rice v. Vill. of Johnstown, Ohio*, 30 F.4th 584, 592 (6th Cir. 2022) ("When the plaintiff is an object of the challenged action there is ordinarily little question that the action or inaction has caused him injury" (quotation marks and citation omitted)). Indeed, identifying that the Final Rule "operates" on a state agency directly is all that is required to establish standing. *See Kentucky v. Fed. Highway Admin.,* No. 5:23-CV-162-BJB, 2024 WL 1402443, at *3 ("No additional proof is necessary when a rule purports to impose legal obligations directly on a state plaintiff."). It also makes clear that the States have a specific interest in the subject matter of this case. As such, the States can easily prove the second factor.

    **C.**    **The States meet the third and fourth factors for intervention as of right.**

For this case, the third and fourth factors governing intervention of right are intertwined. The third factor requires the proposed intervenor to show that its

7

interest may be impaired absent intervention. "To satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal." *Grutter*, 188 F.3d at 399 (quoting *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997)). For the fourth factor, the proposed intervenor must demonstrate that its interest is not adequately protected by the existing parties. Likewise, this is a minimal burden; "it is sufficient to prove that representation *may* be inadequate." *Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1008 (6th Cir. 2006). That the proposed intervenor seeks the same outcome as a current party does not foreclose intervention as of right. *See Miller*, 193 F.3d at 1247 (explaining "it may be enough to show that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments").

The States do seek the same outcome as the Plaintiffs in this litigation—that is, vacatur of the Final Rule. However, none of the Plaintiffs currently named in this action are States; they are farmers and associations of farmers. *See* Doc. 1, PageID.6–11. The current Plaintiffs—as individuals and non-government entities—cannot assert injuries incurred by the States. Thus, for the harms to the States to be considered—and relieved—the States need to participate in this case. In the same vein, the States wish to assert arguments relating to their sovereignty and federalism, and the Court would benefit from hearing from the sovereigns whose sovereignty the Department is infringing. Finally, at a very practical level, the Final

Rule imposes different requirements on the current Plaintiffs than it does on the States and their SWAs. Therefore, representation by only the private plaintiffs is inadequate. Accordingly, the States have satisfied the third and fourth factors.

\* \* \*

Because all four factors are satisfied, the States must be granted intervention as a matter of right.

## II. The States should be granted permissive intervention.

Under Rule 24(b)(1), a court may grant permissive intervention if the motion to intervene is timely and if the intervenor alleges "at least one common question of law or fact" that is already raised in the pending lawsuit. *See Michigan*, 424 F.3d at 445. If these threshold requirements are met, "the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Id.* (quoting *Miller*, 103 F.3d at 1248).

For the reasons discussed above, this motion is timely and will not prejudice the existing parties or cause undue delay in the resolution of this matter.

The States' proposed intervenor complaint alleges several questions of law also raised by the private plaintiffs, including whether the Final Rule is not in accordance with law and whether the Final Rule is arbitrary and capricious in violation of the Administrative Procedure Act. *See* Doc. 1, PageID.31–4. Thus, even if this Court were to find the States are not entitled to intervene as of right, it should permit the States to intervene under Rule 24(b).

## CONCLUSION

For the foregoing reasons, the Court should grant the States' motion to intervene.

Respectfully submitted,

| | |
|---|---|
| **RUSSELL COLEMAN** <br> Attorney General <br><br> */s/ Lindsey R. Keiser* <br> Justin D. Clark <br> Aaron J. Silletto <br> Victor B. Maddox <br> Lindsey R. Keiser <br> Kentucky Office of the Attorney General <br> 700 Capital Avenue, Suite 118 <br> Frankfort, Kentucky 40601 <br> (502) 696-5300 <br> Justind.Clark@ky.gov <br> Aaron.Silletto@ky.gov <br> Victor.Maddox@ky.gov <br> Lindsey.Keiser@ky.gov <br><br> *Counsel for the Commonwealth of Kentucky* | **STEVE MARSHALL** <br> Attorney General <br><br> */s/ Robert M. Overing* <br> Robert M. Overing* <br> Deputy Solicitor General <br> Robert.Overing@AlabamaAG.gov <br> Office of the Attorney General of Alabama <br> 501 Washington Avenue <br> Montgomery, Alabama 36130 <br> Telephone: (334) 242-7300 <br> Fax: (334) 353-8400 <br><br> *Counsel for the State of Alabama* |
| **DAVE YOST** <br> Attorney General <br><br> */s/ T. Elliot Gaiser* <br> T. Elliot Gaiser* <br> Solicitor General <br> Office of the Ohio Attorney General <br> 30 East Broad Street, 17th Floor <br> Columbus, Ohio 43215 <br> (614) 466-8980 <br> Thomas.Gaiser@ohioago.gov <br><br> *Counsel for the State of Ohio* | **PATRICK MORRISEY** <br> Attorney General <br><br> */s/ Michael R. Williams* <br> Michael R. Williams* <br> Solicitor General <br> Office of the West Virginia Attorney General <br> State Capitol, Bldg. 1, Room E-26 <br> 1900 Kanawha Blvd. E. <br> Charleston, West Virginia 25305 <br> 304-558-2021 <br> michael.r.williams@wvago.gov <br><br> *Counsel for the State of West Virginia* |

\*   *Pro Hac Vice* application forthcoming

## CERTIFICATE OF SERVICE

     I certify that on September 20, 2024, the above document was filed with the CM/ECF filing system, which electronically served a copy to all counsel of record.

                                */s/ Lindsey R. Keiser*
                                *Counsel for the Commonwealth of Kentucky*