UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| RICHARD BARTON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5: 24-249-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT | ) | **MEMORANDUM ORDER** |
| OF LABOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

The Commonwealth of Kentucky and the States of Alabama, Ohio, and West Virginia have filed a motion to intervene in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure. The motion will be granted because these parties meet all of the necessary requirements for both intervention as of right and permissive intervention.

**I.**

Several private plaintiffs filed this action on September 16, 2024, challenging the United States Department of Labor's ("DOL") new regulations entitled "Improving Protections for Workers in Temporary Agricultural Employment in the United States" ("Final Rule"), 89 Fed. Reg. 33898 (Apr. 29, 2024). According to the DOL, the Final Rule "establish[es] the minimum terms and conditions of employment (*i.e*., the 'baseline' or working conditions) necessary to 'neutralize any adverse effect resultant from the influx of temporary foreign workers.'" *Id.* at 33897. The United States District Court for the Southern District of Georgia recently observed that, "[g]enerally, the Final Rule establishes the right for [agricultural migrant workers employed in the United States under the H-2A visa program] to

- 1 -

participate in 'concerted activity' to ensure that H-2A employers are not violating the minimum standards as set forth by the DOL." *Kansas v. United States Dep't of Labor*, --F.3d--, 2024 WL 3938839, at *2 (S.D. Ga. Aug. 26, 2024).

The plaintiffs here, who are farmers and farming organizations, allege*, inter alia*, that the Final Rule exceeds the DOL's authority under the H-2A visa program, violates various provisions of the United States Constitution and federal statutes, and constitutes arbitrary and capricious agency action.  Kentucky, Alabama, Ohio, and West Virginia wish to intervene as plaintiffs because the Final Rule subjects their State Workforce Agencies ("SWAs") to requirements they contend are unlawful.

Rule 24 of the Federal Rules of Civil Procedure governs intervention and is "broadly construed in favor of potential intervenors" whether by right or by permission.  *See Stupak-Thrall v. Glickman*, 226 F.3d 467, 471 (6th Cir. 2000) (quoting *Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir. 1991)).  A party seeking to intervene as of right must establish the following four factors: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court."  *Stupak-Thrall*, 226 F.3d at 471.  The movants have satisfied these requirements and therefore will be permitted to intervene.

Submitted only four days after the plaintiffs' Complaint was filed, and before any defendant has made an appearance, the motion to intervene is timely.  *See Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011) (discussing factors for assessing timeliness). Further, the applicants have asserted a substantial legal interest in the case because their SWAs are integral to the process by which employers may hire foreign workers for agricultural jobs

under the H-2A visa program.  And according to the applicants, the Final Rule imposes new requirements on their SWAs.  The third and fourth factors also are satisfied because the plaintiffs' interest in this litigation is distinct from that of the proposed intervenors.  As the applicants assert, "for the harms to the States to be considered . . . the States need to participate in the case."  Only the applicants may assert arguments related to their sovereignty and federalism concerns, and these interests cannot be represented adequately absent their intervention.

Finally, even if the applicants were not entitled to intervene as of right, permissive intervention would be appropriate.  To intervene permissively, the proposed intervenor must establish that its motion is timely and alleges at least one common question of law or fact. *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005).  As noted previously, the motion to intervene is timely filed.  And having reviewed the proposed intervenor complaint, the Court notes that the plaintiffs and proposed intervenors raise several common questions of law, including whether the Final Rule exceeds agency authority and constitutes an arbitrary and capricious agency decision.

## II.

Based on the foregoing, it is hereby

**ORDERED** as follows:

1.      The motion to intervene filed by the Commonwealth of Kentucky and the States of West Virginia, Ohio, and Alabama [Record No. 11] is **GRANTED**.

2.      The Clerk is directed to file the Intervenor Complaint and Exhibit [Record No. 11-1] in the record.

Dated: September 25, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky