IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| RICHARD BARTON, *et al.*<br><br>    *Plaintiffs*,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF LABOR, *et al.*,<br><br>    *Defendants*. | **Civil Action No. 5:24-cv-00249**<br><br>**PROPOSED INTERVENOR-DEFENDANTS' ANSWER TO ORIGINAL PLAINTIFFS' COMPLAINT** |

Proposed Intervenor-Defendants hereby answer the Complaint of Richard Barton, et al., *see* ECF No. 1, pursuant to Fed. R. Civ. P. 24(c).[1]

1. The assertions in Paragraph 1 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, denied.

2. The assertions in Paragraph 2 do not require a response because they constitute legal conclusions or legal arguments, and the cited regulation speaks for itself. To the extent a further response is required, denied.

3. The assertions in Paragraph 3 do not require a response because they constitute legal conclusions or legal arguments, and the cited regulation speaks for itself. To the extent a further response is required, denied.

4. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the Barton Plaintiffs' assertions regarding the "financial and administrative burdens" they may or may not incur. The remaining assertions in Paragraph 4 do not require a response because they constitute legal conclusions or legal arguments, and the regulation described speaks for itself. To the extent a further

---

[1] Because there are two operative complaints in this case, Intervenor-Defendants use "the Barton Plaintiffs" to refer to the plaintiffs who filed the original complaint, *see* ECF No. 1, and "the Kentucky Plaintiffs" to refer to the Intervenor-Plaintiffs' complaint, *see* ECF No. 15.

response is required, admitted that the Final Rule changes the implementation date for updates to the Adverse Effect Wage Rate to be effective immediately upon publication of said rates.

5. The assertions in Paragraph 5 do not require a response because they constitute legal conclusions or legal arguments, and the regulation described speaks for itself. To the extent a further response is required, denied.

6. The assertions in Paragraph 6 do not require a response because they constitute legal conclusions or legal arguments, and the regulation described speaks for itself. To the extent a further response is required, denied.

7. The assertions in Paragraph 7 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, denied.

8. Admitted that the Final Rule was published in the Federal Register on the date described with an effective date of June 28, 2024. Denied that DOL "declared that many provisions of the Final Rule and new application filing requirements would *take effect* on August 29, 2024." (emphasis added). DOL announced it would begin *enforcing* several provisions of the Final Rule on August 29, 2024; the Rule has been legally effective since June 28, 2024.

9. Admitted.

10. The assertions in paragraph 10 do not require a response because the decision cited speaks for itself. To the extent a further response is required, denied insofar as the cited decision did not hold that the vast majority of provisions in the Final Rule are unlawful, and otherwise admitted.

11. Intervenor-Defendants assume there is a typo in the first clause of Paragraph 11 and that the Barton Plaintiffs mean August 28, 2024, rather than August 29, 2024; with that assumption, admitted.

12. Admitted as to the first sentence of Paragraph 12. As to the second sentence of Paragraph 12, admitted that in the statement described DOL explained that it would process applications covered by the *Kansas* order "in accordance with 20 CFR part

655, subpart B in effect on June 27, 2024." Denied as to the third sentence of Paragraph 12, as the mere fact that "an H-2A employer applicant . . . operates in a state that is included in the *Kansas* injunction and also operates in a state that is not covered by the *Kansas* injunction" does not necessarily mean the employer-applicant seeks to hire H-2A employees in both states described.

13. The assertions in Paragraph 13 do not require a response because they constitute legal conclusions or legal arguments, and the cited materials speak for themselves. To the extent a further response is required, denied.

14. The assertions in Paragraph 14 do not require a response because they constitute legal conclusions or legal arguments, and the cited materials speak for themselves. To the extent a further response is required, denied.

15. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 15.

16. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in the first sentence of Paragraph 16 regarding the state of mind of "those subject to the Final Rule." The second sentence of Paragraph 16 does not require a response because it constitutes legal conclusions or legal arguments, and the cited regulation speaks for itself. To the extent a further response is required, the assertions in Paragraph 16 are denied.

17. Admitted that the Barton Plaintiffs are not named plaintiffs in *Kansas v. U.S. Department of Labor*, No. 2:24-cv-76 (S.D. Ga.). The Barton Plaintiffs fail to specify who "believe[s]" that the Barton Plaintiffs are "not otherwise included within the protection of the injunction issued in the U.S. District Court for the Southern District of Georgia"; thus, Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of this assertion.

18. The assertions in Paragraph 18 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, the assertions in Paragraph 18 are admitted.

3

19. The assertions in Paragraph 19 do not require a response because they constitute legal conclusions or legal arguments, and the regulation described speaks for itself. To the extent a further response is required, denied.

20. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 20 regarding what the Barton Plaintiffs "intend."

21. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 21.

22. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 22.

23. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 23.

24. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 24.

25. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 25.

26. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 26.

27. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 27.

28. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 28.

29. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 29.

30. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 30.

31. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 31.

32. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 32.

33. The assertions in Paragraph 33 regarding which farmers are and are not covered by the injunction described do not require a response because they constitute legal conclusions or legal arguments. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining assertions regarding the locations of AWMA members in Paragraph 33. To the extent a further response is required, denied insofar as it is not the location of the agricultural employer, but rather the location of the work to be performed, which determines whether a given H-2A application falls within or without the *Kansas* injunction.

34. The assertions in paragraph 34 regarding which AWMA members are and are not covered by the injunction described and which AWMA members "are injured by the Final Rule" do not require a response because they constitute legal conclusions or legal arguments. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 34 regarding AWMA members' intentions.

35. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 35.

36. The assertion in Paragraph 36 regarding whether "NCGA is a joint employer of H-2A workers with its farmer members" does not require a response because it constitutes a legal argument or legal conclusion. To the extent a further response is required to the foregoing allegation, Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of said allegation. Intervenor-Defendants further lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining assertions in Paragraph 36.

37. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 37.

38. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 38.

39. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 39.

40. The assertions in Paragraph 40 regarding which NCGA members may or may not be protected by the injunction described do not require a response because they constitute legal conclusions or legal arguments. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 40 regarding the locations of NCGA's members and said members' operations.

41. The assertions in Paragraph 41 regarding NCGA and NCGA members' purported injuries do not require a response because they constitute legal conclusions or legal arguments. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 41 regarding NCGA's and NCGA's members' intentions.

42. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 42.

43. The assertion in Paragraph 43 that "Wafla is a joint employer of H-2A workers with many of its farmer members" does not require a response because it constitutes a legal conclusion or legal argument. To the extent a further response is required to the foregoing allegation, Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of said allegation. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining assertions in Paragraph 43.

44. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 44.

45. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 45.

46. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 46.

47. The assertions in Paragraph 47 regarding which Wafla members are and are not protected by the *Kansas* injunction do not require a response because they constitute legal conclusions or legal arguments. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 47 regarding the locations of Wafla members. To the extent a further response is required, denied insofar as it is not the location of the agricultural employer, but rather the location of the work to be performed, which determines whether a given H-2A application falls within or without the *Kansas* injunction.

48. The assertions in Paragraph 48 regarding whether Wafla, and which Wafla members, are protected by the *Kansas* injunction and whether Wafla and Wafla members are injured do not require a response because they constitute legal conclusions or legal arguments. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 48 regarding Wafla's and Wafla's members' intentions.

49. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 49.

50. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 50.

51. The assertions in Paragraph 51 regarding which USA FARMERS members are and are not protected by the *Kansas* injunction do not require a response because they constitute legal conclusions or legal arguments. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 51 regarding the locations of USA FARMERS's members.

52. The assertions in Paragraph 52 regarding which USA FARMERS members are and are not protected by the *Kansas* injunction and may or may not be injured by the Final Rule do not require a response because they constitute legal conclusions or legal arguments.

Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 52 regarding the locations of USA FARMERS's members. To the extent a further response is required, denied insofar as it is not the location of the agricultural employer, but rather the location of the work to be performed, which determines whether a given H-2A application falls within or without the *Kansas* injunction.

53. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 53.

54. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 54.

55. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 55.

56. The assertions in Paragraph 56 regarding which NCAE members are and are not protected by the *Kansas* injunction and may or may not be injured by the Final Rule do not require a response because they constitute legal conclusions or legal arguments. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 56 regarding the locations and intentions of NAE's members. To the extent a further response is required, denied insofar as it is not the location of the agricultural employer, but rather the location of the work to be performed, which determines whether a given H-2A application falls within or without the *Kansas* injunction.

57. Admitted.

58. Admitted.

59. Admitted.

60. The assertions in Paragraph 60 regarding the scope of the Secretary of Labor's or the Employment and Training Administration's responsibilities do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, admitted that the ETA has a role in DOL's administration of the

H-2A program, but denied insofar as the Barton Plaintiffs allege or imply that ETA and/or DOL lack authority to promulgate the Final Rule at issue here.

61. Intervenor-Defendants assume there is a typo in the first sentence of Paragraph 61 and that "Jose Javier Rodríguez" should read "José Javier Rodríguez"; on that assumption, admitted. Intervenor-Defendants assume there is a typo in the second sentence of Paragraph 61 and that "April 24, 2024," should read "April 29, 2024"; on that assumption, admitted. Admitted as to the third sentence of Paragraph 61.

62. The assertions in Paragraph 62 regarding the scope of the Secretary of Labor's or the Wage and Hour Division's responsibilities do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, admitted that the WHD has a role in DOL's administration of the H-2A program, but denied insofar as the Barton Plaintiffs allege or imply that WHD and/or DOL lack authority to promulgate the Final Rule at issue here.

63. Admitted as to the first sentence of Paragraph 63. Intervenor-Defendants assume there is a typo in the second sentence of Paragraph 63 and that "April 24, 2024," should read "April 29, 2024"; on that assumption, admitted. Admitted as to the third sentence of Paragraph 63.

64. The assertions in Paragraph 64 do not require a response because they constitute legal conclusions or legal arguments and the cited statutes speak for themselves. To the extent a further response is required, admitted that 28 U.S.C. § 1331 provides federal question jurisdiction over APA cases; but denied that 5 U.S.C. §§ 702–03 independently establish federal question jurisdiction, *see Califano v. Sanders*, 430 U.S. 99, 104–07 (1977); and further denied that establishing federal question jurisdiction under 28 U.S.C. § 1331 is sufficient to establish subject matter jurisdiction.

65. The assertions in Paragraph 65 do not require a response because they constitute legal conclusions or legal arguments, and the cited statutes speak for themselves. To the extent a further response is required, denied that this Court has authority to enjoin a Taking, *see* Barton Pls.' Compl. ¶¶ 105, 181–85; admitted that the Court has the

9

statutory authority to issue the remaining relief referenced in APA cases; but denied that it would be appropriate to award the Barton Plaintiffs such relief.

66. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in the first sentence of Paragraph 66 regarding the locations of the named plaintiffs. The remaining assertions in Paragraph 66 do not require a response because they constitute legal conclusions or legal arguments and the cited statute speaks for itself. To the extent a further response is required, admitted as to the second sentence of Paragraph 66.

67. The assertions in Paragraph 67 do not require a response because they constitute legal conclusions or legal arguments and the cited statute speaks for itself. To the extent a further response is required, admitted that the cited statutory section authorizes the issuance of visas commonly known as "H-2A visas," but denied insofar as Plaintiffs imply IRCA's enactment in 1986 was the inception of the agricultural guestworker program.

68. The assertions in Paragraph 68 do not require a response because they constitute legal conclusions or legal arguments and the cited statutes speak for themselves. To the extent a further response is required, admitted that the three referenced cabinet officials have roles in the administration of the INA, but denied insofar as the Barton Plaintiffs allege or imply that DOL lacks the authority to issue the Final Rule.

69. The assertions in Paragraph 69 do not require a response because they constitute legal conclusions or legal arguments and the cited statutes speak for themselves. To the extent a further response is required, admitted that the three referenced cabinet officials may issue rules to carry out their responsibilities under the INA, but denied insofar as the Barton Plaintiffs allege or imply that DOL lacks the authority to issue the Final Rule.

70. The assertions in Paragraph 70 do not require a response because they constitute legal conclusions or legal arguments and the cited statutes speak for themselves. To the extent a further response is required, the assertions in Paragraph 70 are denied.

71. The assertions in Paragraph 71 do not require a response because they constitute legal conclusions or legal arguments and the cited statute speaks for itself. To the extent a further response is required, admitted.

72. The assertions in Paragraph 72 do not require a response because they constitute legal conclusions or legal arguments and the cited statute speaks for itself. To the extent a further response is required, admitted that the NLRA protects the rights described, but denied insofar as the Barton Plaintiffs allege or imply that the NLRA is the only possible source of such rights.

73. The assertions in Paragraph 73 do not require a response because they constitute legal conclusions or legal arguments and the cited statute speaks for itself. To the extent a further response is required, the assertions in Paragraph 73 are admitted.

74. The assertions in Paragraph 74 do not require a response because they constitute legal conclusions or legal arguments and the cited statute speaks for itself. To the extent a further response is required, admitted that the quoted language appears in the cited statute.

75. The assertions in Paragraph 75 do not require a response because they constitute legal conclusions or legal arguments and the cited statute speaks for itself. To the extent a further response is required, denied.

76. To the extent the Barton Plaintiffs in Paragraph 76 incorporate by reference their allegations in other paragraphs, Intervenor-Defendants similarly incorporate their responses to those allegations here. The remaining assertions in Paragraph 76 do not require a response because they constitute legal conclusions or legal arguments and the cited regulation speaks for itself. To the extent a further response is required, the assertions in Paragraph 76 are denied.

77. The assertions in Paragraph 77 do not require a response because they constitute legal conclusions or legal arguments and the cited materials speak for themselves. To the extent a further response is required, the assertions in Paragraph 77 are denied.

78. The assertions in Paragraph 78 do not require a response because they constitute legal conclusions or legal arguments and the cited regulation speaks for itself. To the extent a further response is required, admitted that the quoted language appears in the Final Rule, but denied insofar as the Barton Plaintiffs allege or imply that the Final Rule is unlawful.

79. The assertions in Paragraph 79 do not require a response because they constitute legal conclusions or legal arguments and the cited regulation speaks for itself. To the extent a further response is required, admitted that the quoted language appears in the Final Rule, but denied insofar as the Barton Plaintiffs allege or imply that the Final Rule is unlawful.

80. The assertions in Paragraph 80 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, the assertions in the first clause of Paragraph 80 are admitted, and the assertions in the second clause of Paragraph 80 are denied.

81. Intervenor-Defendants assume there is a typo in the first sentence of Paragraph 81 and that the eighth word should be "an," not "and"; on that assumption, admitted.

82. The assertions in Paragraph 82 do not require a response because they constitute legal conclusions or legal arguments and the cited regulation speaks for itself. To the extent a further response is required, denied as to the assertions in the first sentence of Paragraph 82, as the cited authority requires the initiation of discontinuation procedures rather than discontinuation itself; and denied that the "the scope and application of the regulation [is] impermissibly vague."

83. The assertions in Paragraph 83 do not require a response because they constitute legal conclusions or legal arguments and the cited regulation speaks for itself. To the extent a further response is required, admitted that the Final Rule requires the *initiation* of discontinuation procedures when a SWA receives evidence that an employer has violated one of the subsections mentioned; but denied insofar as the Barton Plaintiffs

allege or imply that discontinuation occurs without a "final determination" or that this provision of the Final Rule is otherwise improper or unlawful.

84. The assertions in Paragraph 84 do not require a response because they constitute legal conclusions or legal arguments and the cited regulation speaks for itself. To the extent a further response is required, the assertions in Paragraph 84 are denied.

85. Admitted as to the first two sentences of Paragraph 85. The third sentence of Paragraph 85 does not require a response because it constitutes legal conclusions or legal arguments. To the extent a further response is required, the assertions in the third sentence of Paragraph 85 are denied.

86. The assertions in Paragraph 86 do not require a response because they constitute legal conclusions or legal arguments and the regulation described speaks for itself. To the extent a further response is required, the assertions in Paragraph 86 are denied.

87. The assertions in Paragraph 87 do not require a response because they constitute legal conclusions or legal arguments and the cited statute speaks for itself. To the extent a further response is required, the assertions in Paragraph 87 are denied.

88. The assertions in Paragraph 88 do not require a response because they constitute legal conclusions or legal arguments and the cited materials speak for themselves. To the extent a further response is required, the assertions in Paragraph 88 are denied.

89. The assertions in Paragraph 89 do not require a response because they constitute legal conclusions or legal arguments and the regulation described speaks for itself. To the extent a further response is required, Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 89 as to the "reasons why" hypothetical employers could choose different payment structures; denied as to the remaining assertions in Paragraph 89.

90. The assertions in Paragraph 90 do not require a response because they constitute legal conclusions or legal arguments and the regulation described speaks for itself. To the extent a further response is required, Intervenor-Defendants lack information or knowledge regarding to which "employers" the Barton Plaintiffs refer to form a belief

as to the truth or falsity of the assertions in Paragraph 90 regarding what said "employers" "consent[ed] or agree[d]" to, or what the terms and conditions of employment these unspecified "[e]mployers" have with their employees; and otherwise denied.

91. The assertions in Paragraph 91 do not require a response because they constitute legal conclusions or legal arguments and the regulation described speaks for itself. To the extent a further response is required, the assertions in Paragraph 90 are denied.

92. The assertions in Paragraph 92 do not require a response because they constitute legal conclusions or legal arguments and the regulation described speaks for itself. To the extent a further response is required, denied that the Final Rule has retroactive effect or is otherwise improper or unlawful.

93. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 93.

94. The assertions in Paragraph 94 do not require a response because they constitute legal conclusions or legal arguments and the cited regulation speaks for itself. To the extent a further response is required, the assertions in Paragraph 94 are denied insofar as the Final Rule's seat belt provisions do not apply to "any vehicle," but rather to those vehicles being used for employer-provided transportation that are required by the Department of Transportation to be manufactured with seat belts.

95. The assertions in Paragraph 95 do not require a response because they constitute legal conclusions or legal arguments and the regulation described speaks for itself. To the extent a further response is required, admitted that the Final Rule changed previously effective regulations regarding seat belts in employer-provided transportation for workers subject to H-2A job orders, and otherwise denied.

96. The assertions in Paragraph 96 do not require a response because they constitute legal conclusions or legal arguments and the cited regulation speaks for itself. To the extent a further response is required, denied as to the first sentence of Paragraph 96; admitted as to the second sentence of Paragraph 96; and denied as to the third and fourth

sentences of Paragraph 96 insofar as the Barton Plaintiffs allege or imply a contradiction between those sentences and the second sentence.

97. The assertions in Paragraph 97 do not require a response because they constitute legal conclusions or legal arguments and the cited regulation speaks for itself. To the extent a further response is required, the assertions in Paragraph 97 are denied.

98. The assertions in Paragraph 98 do not require a response because they constitute legal conclusions or legal arguments and the cited regulation speaks for itself. To the extent a further response is required, the assertions in Paragraph 98 are admitted with the clarification that an employer may immediately terminate an H-2A employee "for egregious misconduct, meaning intentional or reckless conduct that is plainly illegal, poses imminent danger to physical safety, or that a reasonable person would understand as being outrageous." 20 C.F.R. § 655.122(n)(2)(i)(E).

99. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 99 regarding the locations where the Barton Plaintiffs and their members operate. The remaining assertions in Paragraph 99 do not require a response because they constitute legal conclusions or legal arguments and the regulation described speaks for itself. To the extent a further response is required, the assertions in Paragraph 99 are denied.

100. The assertions in Paragraph 100 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, the assertions in Paragraph 100 are denied.

101. The assertions in Paragraph 101 do not require a response because they constitute legal conclusions or legal arguments and the cited regulation speaks for itself. To the extent a further response is required, the assertions in Paragraph 101 are admitted, with the clarification that the referenced protection applies not to "employees potentially facing discipline" generally, but rather to employees subject to the Final Rule.

102. The assertions in Paragraph 102 do not require a response because they constitute legal conclusions or legal arguments and the cited regulation speaks for itself. To the

extent a further response is required, admitted that the referenced protection applies to U.S. workers in corresponding employment.

103.    The assertions in Paragraph 103 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, the assertions in Paragraph 103 are denied.

104.    The assertions in Paragraph 104 do not require a response because they constitute legal conclusions or legal arguments and the cited regulation speaks for itself. To the extent a further response is required, the assertions in Paragraph 104 are denied.

105.    The assertions in Paragraph 105 do not require a response because they constitute legal conclusions or legal arguments and the cited case speaks for itself. To the extent a further response is required, the assertions in Paragraph 105 are denied.

106.    The assertions in Paragraph 106 do not require a response because they constitute legal conclusions or legal arguments and the cited regulation speaks for itself. To the extent a further response is required, the assertions in Paragraph 106 are admitted.

107.    Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 107.

108.    The assertions in Paragraph 108 do not require a response because they constitute legal conclusions or legal arguments and the cited regulation speaks for itself. To the extent a further response is required, admitted that the quoted language appears in the Final Rule, but denied insofar as the Barton Plaintiffs allege or imply the required information is "intrusive," "sensitive," or outside the DOL's authority to require.

109.    The assertions in Paragraph 109 do not require a response because they constitute legal conclusions or legal arguments and the regulation described speaks for itself. To the extent a further response is required, the assertions in Paragraph 109 are denied.

110.    Admitted as to the first sentence of Paragraph 110. The assertions in the second sentence of Paragraph 110 do not require a response because they constitute legal conclusions or legal arguments and the regulation described speaks for itself. To the

extent a further response is required, the assertions in the second sentence of Paragraph 110 are denied.

111. The assertions in Paragraph 111 do not require a response because they constitute legal conclusions or legal arguments and the regulation described speaks for itself. To the extent a further response is required, the assertions in Paragraph 111 are denied.

112. Admitted that on September 10, 2024, DOL issued a statement explaining how it would process H-2A applications to ensure it complies with the preliminary injunction issued in *Kansas v. DOL*.

113. The assertions in Paragraph 113 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, the assertions in Paragraph 113 are denied.

114. The assertions in Paragraph 114 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, the assertions in Paragraph 114 are denied.

115. The assertions in the first sentence of Paragraph 115 are admitted. Intervenor-Defendants lack information or knowledge regarding what financial effects, if any, the September 10, 2024, announcement will have on H-2A applicants, and thus cannot form a belief as to the truth or falsity of the assertions in the second sentence of Paragraph 115.

116. Admitted as to the first and second sentences of Paragraph 116. Intervenor-Defendants lack information or knowledge regarding what financial effects, if any, the September 10, 2024, announcement will have on H-2A applicants, and thus cannot form a belief as to the truth or falsity of the assertions in third sentence of Paragraph 116. The assertions in the fourth sentence of Paragraph 116 do not require a response because they constitute legal conclusions or legal arguments and the regulation described speaks for itself. To the extent a further response is required, admitted that the Final Rule, which was promulgated on April 29, 2024, did not evaluate the costs of

implementing an application system to comply with an injunction issued roughly four months later.

117.    The assertions in Paragraph 117 do not require a response because they constitute legal conclusions or legal arguments and the regulations described speak for themselves. To the extent a further response is required, the assertions in Paragraph 117 are denied.

118.    The assertions in Paragraph 118 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, the assertions in Paragraph 118 are denied.

119.    Admitted that the H-2A application process requires the completion of "certain electronic forms online and [the] provi[sion of] certain information to the Department." The remaining assertions in Paragraph 119 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, the remaining assertions in Paragraph 119 are denied.

120.    The assertions in Paragraph 120 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, the assertions in Paragraph 120 are denied.

121.    The assertions in Paragraph 121 do not require a response because they constitute legal conclusions or legal arguments and the materials described speak for themselves. To the extent a further response is required, admitted that the September 10, 2024 Announcement explains that only members of trade association described on the day the injunction in question was issued are within the scope of the injunction; and otherwise denied.

122.    Paragraph 122 incorporates Paragraphs 1–121 of the Barton Plaintiffs' Complaint. Intervenor-Defendants similarly incorporate their responses to those Paragraphs here.

123.    The assertions in Paragraph 123 do not require a response because they constitute legal conclusions or legal arguments and cited statute speaks for itself. To the extent a further response is required, the assertions in Paragraph 123 are denied.

124.    The assertions in Paragraph 124 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, the assertions in Paragraph 124 are denied.

125.    The assertions in Paragraph 125 do not require a response because they constitute legal conclusions or legal arguments and cited statutes speak for themselves. To the extent a further response is required, the assertions in Paragraph 125 are denied.

126.    The assertions in Paragraph 126 do not require a response because they constitute legal conclusions or legal arguments and cited materials speak for themselves. To the extent a further response is required, the assertions in Paragraph 126 are denied.

127.    The assertions in Paragraph 127 do not require a response because they constitute legal conclusions or legal arguments and the statute described speaks for itself. To the extent a further response is required, denied that the Final Rule "grant[s] collective bargaining rights to agricultural workers"; and further denied that DOL would lack statutory authorization to grant such rights via rulemaking.

128.    The assertions in Paragraph 128 do not require a response because they constitute legal conclusions or legal arguments and the statute described speaks for itself. To the extent a further response is required, the assertions in Paragraph 128 are denied.

129.    The assertions in Paragraph 129 do not require a response because they constitute legal conclusions or legal arguments and the statute described speaks for itself. To the extent a further response is required, the assertions in Paragraph 129 are denied.

130.    The assertions in Paragraph 130 do not require a response because they constitute legal conclusions or legal arguments and the statute described speaks for itself. To the extent a further response is required, Intervenor-Defendants lack information or knowledge as to what the Barton Plaintiffs consider "routine[]" sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 130; and denied insofar as the Barton Plaintiffs allege or imply that the Final Rule's enforcement provisions are unlawful.

19

131.    The assertions in Paragraph 131 do not require a response because they constitute legal conclusions or legal arguments and the statute described speaks for itself. To the extent a further response is required, the assertions in Paragraph 131 are denied.

132.    The assertions in Paragraph 132 do not require a response because they constitute legal conclusions or legal arguments and the statute described speaks for itself. To the extent a further response is required, admitted that DOL may not rely on *Chevron* deference, but denied that the statute described is ambiguous or that, if it is ambiguous, such ambiguity should be resolved in the Barton Plaintiffs' favor.

133.    The assertions in Paragraph 133 do not require a response because they constitute legal conclusions or legal arguments and the cited case speaks for itself. To the extent a further response is required, the assertions in Paragraph 133 are denied.

134.    The assertions in Paragraph 134 do not require a response because they constitute legal conclusions or legal arguments and the materials described speak for themselves. To the extent a further response is required, admitted that the Final Rule contains provisions that were not included in prior regulations; and otherwise denied.

135.    The assertions in Paragraph 135 do not require a response because they constitute legal conclusions or legal arguments and the regulation described speaks for itself. To the extent a further response is required, the assertions in Paragraph 135 are denied.

136.    Paragraph 136 incorporates Paragraphs 1–135 of the Barton Plaintiffs' Complaint. Intervenor-Defendants similarly incorporate their responses to those Paragraphs here.

137.    The assertions in Paragraph 137 do not require a response because they constitute legal conclusions or legal arguments and the cited case speaks for itself. To the extent a further response is required, denied that the major questions doctrine applies to this case and that, if it does, further denied that the statutes DOL relies on do not provide sufficiently "clear authorization" to satisfy that doctrine.

138.    The assertions in Paragraph 138 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, admitted that at different points over the last century, different legislatures have

considered questions relating to labor relations and immigration; but denied that the Final Rule decides "major questions" within the meaning of the Supreme Court's major questions doctrine.

139.    The assertions in Paragraph 139 do not require a response because they constitute legal conclusions or legal arguments and the statute described speaks for itself. To the extent a further response is required, admitted that Congress has occasionally amended the NLRA; but otherwise denied.

140.    The assertions in Paragraph 140 do not require a response because they constitute legal conclusions or legal arguments and the statutes described speak for themselves. To the extent a further response is required, denied that Congress has "settled the issue" insofar as the Barton Plaintiffs mean this phrasing to allege or imply that the Final Rule is unlawful; further denied that the 1986 IRCA was the genesis of the agricultural guestworker program; and otherwise admitted.

141.    The assertions in Paragraph 141 do not require a response because they constitute legal conclusions or legal arguments and the regulation described speaks for itself. To the extent a further response is required, the assertions in Paragraph 141 are denied.

142.    The assertions in Paragraph 142 do not require a response because they constitute legal conclusions or legal arguments and the materials described speak for themselves. To the extent a further response is required, denied that DOL did rely on or needed to rely on the NLRA for authority to issue the Final Rule; further denied that the Final Rule is otherwise unlawful; and otherwise admitted.

143.    The assertions in Paragraph 143 do not require a response because they constitute legal conclusions or legal arguments and the materials described speak for themselves. To the extent a further response is required, the assertions in Paragraph 143 are denied.

144.    The assertions in Paragraph 144 do not require a response because they constitute legal conclusions or legal arguments and the regulation described speaks for itself. To the extent a further response is required, admitted that the Final Rule estimated annualized costs and transfer payments that total over $14 million; further admitted that

these estimates issued on April 29, 2024, did not include estimated costs of establishing an application system that complies with an injunction issued roughly four months later; and denied that DOL has engaged in "illegal *ad hoc* rulemaking actions" either in the issuance of the Final Rule or in complying with the *Kansas* injunction.

145. The assertions in Paragraph 145 do not require a response because they constitute legal conclusions or legal arguments and the regulation described speaks for itself. To the extent a further response is required, the assertions in Paragraph 145 are denied.

146. The assertions in Paragraph 146 do not require a response because they constitute legal conclusions or legal arguments and the regulation described speaks for itself. To the extent a further response is required, the assertions in Paragraph 146 are denied.

147. The assertions in Paragraph 147 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 147 regarding "where Plaintiffs reside"; further denied insofar as the Barton Plaintiffs allege or imply that the Final Rule is unlawful; and otherwise admitted that both state and federal law govern "[t]he employment relationship" in different contexts and that many states provide a default rule of at-will employment.

148. The assertions in Paragraph 148 do not require a response because they constitute legal conclusions or legal arguments and the regulation described speaks for itself. To the extent a further response is required, the assertions in Paragraph 148 are denied.

149. The assertions in Paragraph 149 do not require a response because they constitute legal conclusions or legal arguments and the regulation described speaks for itself. To the extent a further response is required, the assertions in Paragraph 149 are denied.

150. The assertions in Paragraph 150 do not require a response because they constitute legal conclusions or legal arguments and the materials described or cited speak for themselves. To the extent a further response is required, the assertions in Paragraph 150 are denied.

151.    The assertions in Paragraph 151 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, the assertions in Paragraph 151 are denied.

152.    Paragraph 152 incorporates Paragraphs 1–151 of the Barton Plaintiffs' Complaint. Intervenor-Defendants similarly incorporate their responses to those Paragraphs here.

153.    The assertions in Paragraph 153 do not require a response because they constitute legal conclusions or legal arguments and the cited statute speaks for itself. To the extent a further response is required, the assertions in Paragraph 153 are denied.

154.    The assertions in Paragraph 154 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, the assertions in Paragraph 154 are denied.

155.    The assertions in Paragraph 155 do not require a response because they constitute legal conclusions or legal arguments and the statute described speaks for itself. To the extent a further response is required, the assertions in Paragraph 155 are denied.

156.    The assertions in Paragraph 156 do not require a response because they constitute legal conclusions or legal arguments and the statutes described speak for themselves. To the extent a further response is required, denied that the Final Rule "override[s] provisions of the NLRA"; and further denied that the INA is the only statute on which DOL relied to promulgate the Final Rule.

157.    The assertions in Paragraph 157 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, the assertions in Paragraph 157 are denied.

158.    The assertions in Paragraph 156 do not require a response because they constitute legal conclusions or legal arguments and the materials described speak for themselves. To the extent a further response is required, the assertions in Paragraph 158 are denied.

159.    Paragraph 159 incorporates Paragraphs 1–158 of the Barton Plaintiffs' Complaint. Intervenor-Defendants similarly incorporate their responses to those Paragraphs here.

160.    The assertions in Paragraph 160 do not require a response because they constitute legal conclusions or legal arguments and the cited statute speaks for itself. To the extent a further response is required, the assertions in Paragraph 160 are denied.

161.    The assertions in Paragraph 161 do not require a response because they constitute legal conclusions or legal arguments and the cited case speaks for itself. To the extent a further response is required, the assertions in Paragraph 161 are admitted with the clarification that an agency need not consider "alternatives to its action" that are not raised before the agency in the administrative decision-making process.

162.    The assertions in Paragraph 162 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, denied that the Final Rule "provide[s] collective bargaining rights to H-2A workers"; further denied that DOL lacks statutory authority to provide such rights if it chose; and otherwise admitted.

163.    To the extent the Barton Plaintiffs mean the phrase "[i]n doing so" to incorporate prior allegations, Intervenor-Defendants similarly incorporate their responses to such allegations. The remaining assertions in Paragraph 163 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, the remaining assertions in Paragraph 163 are denied.

164.    The Barton Plaintiffs do not identify where they believe the Government Defendants made the "claim" asserted, and so Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 164.

165.    The assertions in Paragraph 165 do not require a response because they constitute legal conclusions or legal arguments and the regulation described speaks for itself. To the extent a further response is required, the assertions in Paragraph 165 are denied.

166.    The assertions in Paragraph 166 do not require a response because they constitute legal conclusions or legal arguments and the regulation described speaks for itself. To the extent a further response is required, the assertions in Paragraph 166 are denied.

24

167.   The assertions in Paragraph 167 do not require a response because they constitute legal conclusions or legal arguments and the regulation described speaks for itself. To the extent a further response is required, the assertions in Paragraph 167 are denied.

168.   The assertions in Paragraph 168 do not require a response because they constitute legal conclusions or legal arguments and the regulation described speaks for itself. To the extent a further response is required, the assertions in Paragraph 168 are denied.

169.   The assertions in Paragraph 169 do not require a response because they constitute legal conclusions or legal arguments and the regulation described speaks for itself.  To the extent a further response is required, admitted that the Final Rule's anti-retaliation provisions apply to H-2A workers but not all U.S. workers and that DOL explained this would "prevent adverse effects on similarly situated American workers"; and otherwise denied.

170.   The assertions in Paragraph 170 do not require a response because they constitute legal conclusions or legal arguments and the regulation described speaks for itself. To the extent a further response is required, the assertions in Paragraph 170 are denied.

171.   The assertions in Paragraph 171 do not require a response because they constitute legal conclusions or legal arguments and the regulation described speaks for itself. To the extent a further response is required, the assertions in Paragraph 171 are denied.

172.   The assertions in Paragraph 172 do not require a response because they constitute legal conclusions or legal arguments and the regulation described speaks for itself. To the extent a further response is required, the assertions in Paragraph 172 are denied.

173.   The assertions in Paragraph 173 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, the assertions in Paragraph 173 are denied.

174.   Paragraph 174 incorporates Paragraphs 1–173 of the Barton Plaintiffs' Complaint. Intervenor-Defendants similarly incorporate their responses to those Paragraphs here.

175.    The assertions in Paragraph 175 do not require a response because they constitute legal conclusions or legal arguments and the materials described speak for themselves. To the extent a further response is required, the assertions in Paragraph 175 are denied.

176.    The assertions in Paragraph 176 do not require a response because they constitute legal conclusions or legal arguments and the quoted provision speaks for itself. To the extent a further response is required, the assertions in Paragraph 176 are admitted.

177.    The assertions in Paragraph 177 do not require a response because they constitute legal conclusions or legal arguments and the materials described speak for themselves. To the extent a further response is required, the assertions in Paragraph 177 are denied.

178.    The assertions in Paragraph 178 do not require a response because they constitute legal conclusions or legal arguments and the quoted Amendment speaks for itself. To the extent a further response is required, the assertions in Paragraph 178 are admitted.

179.    The assertions in Paragraph 179 do not require a response because they constitute legal conclusions or legal arguments and the materials described speak for themselves. To the extent a further response is required, the assertions in Paragraph 179 are denied.

180.    The assertions in Paragraph 180 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, the assertions in Paragraph 180 are denied.

181.    Paragraph 181 incorporates Paragraphs 1–180 of the Barton Plaintiffs' Complaint. Intervenor-Defendants similarly incorporate their responses to those Paragraphs here.

182.    The assertions in Paragraph 182 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, the assertions in Paragraph 182 are denied.

183.    The assertions in Paragraph 183 do not require a response because they constitute legal conclusions or legal arguments and the Amendment cited speaks for itself. To the extent a further response is required, the assertions in Paragraph 183 are admitted.

184.    The assertions in Paragraph 184 do not require a response because they constitute legal conclusions or legal arguments and materials described speak for themselves. To the extent a further response is required, the assertions in Paragraph 184 are denied.

185.    The assertions in Paragraph 185 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, the assertions in Paragraph 185 are denied.

186.    Paragraph 186 incorporates Paragraphs 1–185 of the Barton Plaintiffs' Complaint. Intervenor-Defendants similarly incorporate their responses to those Paragraphs here.

187.    The assertions in Paragraph 187 do not require a response because they constitute legal conclusions or legal arguments and the materials cited speak for themselves. To the extent a further response is required, the assertions in Paragraph 187 are denied.

188.    The assertions in Paragraph 188 do not require a response because they constitute legal conclusions or legal arguments and the cited statute speaks for itself. To the extent a further response is required, admitted that the quoted language appears in the cited statute.

189.    The assertions in Paragraph 189 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, admitted that the quoted text appears on DOL's website.

190.    The assertions in Paragraph 190 do not require a response because they constitute legal conclusions or legal arguments and the cited statute speaks for itself. To the extent a further response is required, the assertions in Paragraph 190 are denied.

191.    The assertions in Paragraph 191 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, the assertions in Paragraph 191 are denied.

192.    Paragraph 192 incorporates Paragraphs 1–191 of the Barton Plaintiffs' Complaint. Intervenor-Defendants similarly incorporate their responses to those Paragraphs here.

193.    The assertions in Paragraph 193 do not require a response because they constitute legal conclusions and legal arguments and the cited statute speaks for itself. To the extent a further response is required, the assertions in Paragraph 193 are denied.

194.    The assertions in Paragraph 194 do not require a response because they constitute legal conclusions and legal arguments and the cited statute speaks for itself. To the extent a further response is required, the assertions in Paragraph 194 are denied.

195.    The assertions in Paragraph 195 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, the assertions in Paragraph 195 are denied.

To the extent any allegation of the complaint that requires a response is not otherwise herein specifically admitted or denied, it is hereby denied.

## DEFENSES

Intervenor-Defendants state the following defenses, without conceding that they bear the burden of proof or production with respect to any of them.

1.  Plaintiffs fail to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

2.  Plaintiffs fail to demonstrate their entitlement to equitable relief.

3.  Plaintiffs fail to demonstrate that they have "no other adequate remedy in a court" other than an APA action. *See* 5 U.S.C. § 704.

4.  Assuming *arguendo* that any section of the Final Rule challenged here is unlawful, the Barton Plaintiffs fail to establish their entitlement to relief from the bulk of the Final Rule, and each provision of the Final Rule is severable.

Respectfully submitted this 4th day of November, 2024.

/s/ *Nathan Leys*
Nathan Leys (CT 442014)
(*pro hac vice* motion forthcoming)
FarmSTAND
712 H St. NE, Suite 2534
Washington, D.C. 20002
Phone: (202) 630-3095
Fax: (978) 845-2282
E-mail: nathan@farmstand.org

/s/ *Daniel J. Canon*
Daniel J. Canon (KY 92048)
Saeed & Little, LLP
8777 Purdue Rd., Ste. 225
Indianapolis, IN 46268
dan@sllawfirm.com
(317) 721-9214

***Attorneys for Proposed Intervenor-Defendants***