IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| RICHARD BARTON, *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR, *et al.*,<br><br>*Defendants*. | Civil Action No. 5:24-cv-00249<br><br>**PROPOSED INTERVENOR-DEFENDANTS' ANSWER TO INTERVENOR-PLAINTIFFS' COMPLAINT** |

Proposed Intervenor-Defendants hereby answer the Complaint of the Commonwealth of Kentucky, et al., *see* ECF No. 15, pursuant to Fed. R. Civ. P. 24(c).[1]

1. The assertions in Paragraph 1 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, the assertions in Paragraph 1 are denied.

2. The assertions in Paragraph 2 do not require a response because they constitute legal conclusions or legal arguments and the cited regulation speaks for itself. To the extent a further response is required, the first two sentences of Paragraph 2 are admitted, and the third sentence in Paragraph 2 is denied.

3. The assertions in Paragraph 3 do not require a response because they constitute legal conclusions or legal arguments and the materials described speak for themselves. To the extent a further response is required, the assertions in Paragraph 3 are denied.

4. Admitted that Kentucky is a State and Russell Coleman is its Attorney General. The remaining assertions in Paragraph 4 do not require a response because they constitute legal conclusions or legal arguments and the cited materials speak for themselves. To

---

[1] Because there are two operative complaints in this case, Proposed Intervenor-Defendants use "the Barton Plaintiffs" to refer to the plaintiffs who filed the original complaint, *see* ECF No. 1, and "the Kentucky Plaintiffs" to refer to the Intervenor-Plaintiffs' complaint, *see* ECF No. 15.

1

the extent a further response is required, the remaining assertions in Paragraph 4 are admitted.

5. Admitted that Alabama is a State and Steve Marshall is its Attorney General. The remaining assertions in Paragraph 5 do not require a response because they constitute legal conclusions or legal arguments and the cited statute speaks for itself. To the extent a further response is required, the remaining assertions in Paragraph 5 are admitted.

6. Admitted that Ohio is a State and Dave Yost is its Attorney General. The remaining assertions in Paragraph 6 do not require a response because they constitute legal conclusions or legal arguments and the cited statute speaks for itself. To the extent a further response is required, the remaining assertions in Paragraph 6 are admitted.

7. Admitted that West Virginia is a State and Patrick Morrisey is its Attorney General. The remaining assertions in Paragraph 7 do not require a response because they constitute legal conclusions or legal arguments and the cited materials speak for themselves. To the extent a further response is required, the assertions in Paragraph 7 are admitted.

8. The assertions in Paragraph 8 do not require a response because they constitute legal conclusions or legal arguments and the cited materials speak for themselves. To the extent a further response is required, the assertions in Paragraph 8 are denied.

9. Admitted that José Javier Rodriguez is the Assistant Secretary for Employment and Training. The remaining assertions in Paragraph 9 do not require a response because they constitute legal conclusions or legal arguments and the cited regulation speaks for itself. To the extent a further response is required, the remaining assertions in Paragraph 9 are admitted.

10. Admitted that Jessica Looman is the Administrator of the Wage and Hour Division. The remaining assertions in Paragraph 10 do not require a response because they constitute legal conclusions or legal arguments and the cited regulation speaks for itself. To the extent a further response is required, the remaining assertions in Paragraph 10 are admitted.

11. The assertions in Paragraph 11 do not require a response because they constitute legal conclusions and legal arguments and the cited materials speak for themselves. To the extent a further response is required, denied insofar as the Kentucky Plaintiffs allege the Final Rule violates the APA or the Constitution and laws of the United States, and otherwise admitted.

12. The assertions in Paragraph 12 do not require a response because they constitute legal conclusions and legal arguments and the cited statute speaks for itself. To the extent a further response is required, admitted.

13. The assertions in Paragraph 13 do not require a response because they constitute legal conclusions and legal arguments and the cited materials speak for themselves. To the extent a further response is required, denied that 5 U.S.C. §§ 705–06 provide for declaratory or injunctive relief; and admitted that 28 U.S.C. §§ 2201–02 and Fed. R. Civ. P. Rules 57 and 65 provide for such relief.

14. Admitted that the Commonwealth of Kentucky is located in the Eastern District of Kentucky and that "Defendants are officers or an agency of the United States." The remaining assertions in Paragraph 14 do not require a response because they constitute legal conclusions or legal arguments and the cited statute speaks for itself. To the extent a further response is required the assertions in Paragraph 14 are admitted.

15. Admitted that Congress passed IRCA in 1986. The remaining assertions in Paragraph 15 do not require a response because they constitute legal conclusions or legal arguments and the cited statutes speak for themselves. To the extent a further response is required, denied insofar as Plaintiffs imply IRCA's enactment in 1986 was the inception of the agricultural guestworker program; and admitted that IRCA established the modern framework for the employment of agricultural guestworkers.

16. The assertions in Paragraph 16 do not require a response because they constitute legal conclusions or legal arguments and the cited statutes speak for themselves. To the extent a further response is required, the assertions in Paragraph 16 are admitted.

17. The assertions in Paragraph 17 do not require a response because they constitute legal conclusions or legal arguments and the cited statute speaks for itself. To the extent a further response is required, the assertions in Paragraph 17 are admitted.

18. The assertions in Paragraph 18 do not require a response because they constitute legal conclusions or legal arguments and the cited regulations speak for themselves. To the extent a further response is required, the assertions in Paragraph 18 are admitted.

19. The assertions in Paragraph 19 do not require a response because they constitute legal conclusions or legal arguments and the cited materials speak for themselves. To the extent a further response is required, the assertions in Paragraph 19 are admitted.

20. The assertions in Paragraph 20 do not require a response because they constitute legal conclusions or legal arguments and the cited regulation speaks for itself. To the extent a further response is required, the assertions in Paragraph 20 are denied insofar as the Kentucky Plaintiffs reference the equitable doctrine of estoppel, and further denied that in the past, SWAs have consistently discontinued employment services to employers who violate employment-related laws.

21. The assertions in Paragraph 21 do not require a response because they constitute legal conclusions or legal arguments and the cited statute speaks for itself. To the extent a further response is required, the assertions in Paragraph 21 are admitted.

22. The assertions in Paragraph 22 do not require a response because they constitute legal conclusions or legal arguments and the cited statutes speak for themselves. To the extent a further response is required, the assertions in Paragraph 22 are admitted.

23. The assertions in Paragraph 23 do not require a response because they constitute legal conclusions or legal arguments and the cited statute speaks for itself. To the extent a further response is required, the assertions in paragraph 23 are denied.

24. Admitted.

25. The assertions in Paragraph 25 do not require a response because they constitute legal conclusions or legal arguments and the cited regulation speaks for itself. To the extent a further response is required, the assertions in Paragraph 25 are admitted.

26. The assertions in Paragraph 26 do not require a response because they constitute legal conclusions or legal arguments and the cited regulation speaks for itself. To the extent a further response is required, the first sentence of Paragraph 26 is denied, and the remaining assertions in Paragraph 26 are admitted.

27. The assertions in Paragraph 27 do not require a response because they constitute legal conclusions or legal arguments and the cited regulation speaks for itself. To the extent a further response is required, the assertions in Paragraph 27 are admitted.

28. Admitted.

29. The assertions in Paragraph 29 do not require a response because the cited order speaks for itself. To the extent a further response is required, denied insofar as Judge Wood held that plaintiffs were not likely to succeed on their claims that the bulk of the Final Rule is unlawful, and denied insofar as the Kentucky Plaintiffs imply Judge Wood's decision was correct, and otherwise admitted that the quoted language appears in Judge Wood's decision.

30. The assertions in Paragraph 30 do not require a response because the order speaks for itself. To the extent a further response is required, admitted except to clarify that the relief effectively applies not only to the plaintiff States in the referenced case, but also in practice applies to H-2A employers operating in those States who were not individual plaintiffs in the referenced case.

31. Admitted.

32. Admitted.

33. The assertions in Paragraph 33 rest on the assumption that the unspecified "[f]armers" mentioned will be performing work in states not covered by the *Kansas* injunction. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of that assumption. Further, the assertions in Paragraph 33 assume that the unspecified "[f]armers" will be seeking to hire H-2A laborers; as the Final Rule does not apply to "[f]armers" who do not seek to hire H-2A workers, the assertions in Paragraph 33 are therefore overbroad and inaccurate, and thus denied.

5

34. The assertions in Paragraph 34 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, the assertions in Paragraph 34 are admitted.

35. Admitted that the Barton Plaintiffs filed their Complaint on September 16, 2024. Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 35 regarding the identity of the Barton Plaintiffs.

36. Admitted.

37. The assertions in Paragraph 37 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 37 regarding what, if any, "compliance costs the States will incur as a result of the Final Rule" and therefore lack information or knowledge sufficient to form a belief as to the Kentucky Plaintiffs' standing.

38. The assertions in Paragraph 38 do not require a response because they constitute legal conclusions or legal arguments and the cited materials speak for themselves. To the extent a further response is required, admitted that the quoted language appears in the cited caselaw. Intervenor-Defendants clarify that the *Kentucky v. Federal Highway Administration* case cited in Paragraph 38 is currently on appeal.

39. The assertions in Paragraph 39 do not require a response because they constitute legal conclusions or legal arguments and the cited regulations speak for themselves. To the extent a further response is required, admitted with the clarification that 20 C.F.R. § 653.501 requires discontinuation to an employer who has been debarred from the H-2A or H-2B programs, not merely to an employer who has violated regulations.

40. Admitted.

41. The assertions in Paragraph 41 do not require a response because they constitute legal conclusions or legal arguments and the cited regulation speaks for itself. To the extent a further response is required, admitted with the clarification that the cited seat belt

6

requirements forbid an employer from operating employer-provided transportation unless all passengers are wearing seat belts; unless the vehicle is operated, the non-use of seat belts is not barred by the rule.

42. The first sentence of Paragraph 42 is admitted. The remaining assertions in Paragraph 42 do not require a response because they constitute legal conclusions or legal arguments and the cited statutes speak for themselves. To the extent a further response is required, the assertions in Paragraph 42 are admitted.

43. The first sentence of Paragraph 43 is admitted. The remaining assertions in Paragraph 43 do not require a response because they constitute legal conclusions or legal arguments and the cited statute speaks for itself. To the extent a further response is required, the assertions in Paragraph 43 are admitted.

44. The first sentence of Paragraph 44 is admitted. The remaining assertions in Paragraph 44 do not require a response because they constitute legal conclusions or legal arguments and the cited statute speaks for itself. To the extent a further response is required, the assertions in Paragraph 44 are admitted.

45. The first sentence of Paragraph 45 is admitted. The remaining assertions in Paragraph 45 do not require a response because they constitute legal conclusions or legal arguments and the cited statutes speak for themselves. To the extent a further response is required, the remaining assertions in Paragraph 45 are admitted.

46. The assertions in Paragraph 46 do not require a response because they constitute legal conclusions or legal arguments and the cited materials speak for themselves. To the extent a further response is required, the assertions in Paragraph 46 are denied.

47. The assertions in Paragraph 47 do not require a response because they constitute legal conclusions or legal arguments and the cited materials speak for themselves. To the extent a further response is required, Intervenor-Defendants lack information sufficient to form a belief as to the truth or falsity of the assertions that the Kentucky Plaintiffs will incur "compliance costs." To the extent a further response is required, the assertions in Paragraph 47 are denied.

48. The assertions in Paragraph 48 do not require a response because they constitute legal conclusions or legal arguments and the cited materials speak for themselves. To the extent a further response is required, Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the assertions in Paragraph 48 regarding what, if any, "compliance costs" the Kentucky Plaintiffs may incur.

49. Paragraph 49 incorporates Paragraphs 1–48 of the Kentucky Plaintiffs' Complaint. Intervenor-Defendants similarly incorporate their responses to those Paragraphs here.

50. The assertions in Paragraph 50 do not require a response because they constitute legal conclusions or legal arguments and the cited statute speaks for itself. To the extent a further response is required, the assertions in Paragraph 50 are denied insofar as the Kentucky Plaintiffs allege that vacatur of agency action that violates the APA is mandatory.

51. The assertions in Paragraph 51 do not require a response because they constitute legal conclusions or legal arguments and the cited cases speak for themselves. To the extent a further response is required, the assertions in Paragraph 51 are admitted.

52. The assertions in Paragraph 52 do not require a response because they constitute legal conclusions or legal arguments and the cited statute speaks for itself. To the extent a further response is required, admitted that the Department of Homeland Security (DHS) and the Attorney General possess the rulemaking authority described, but denied insofar as the Kentucky Plaintiffs allege or imply that DOL lacks rulemaking authority sufficient to promulgate the Final Rule.

53. The assertions in Paragraph 53 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, admitted that Congress did not give DOL "the same" rulemaking authority as it gave DHS and the Attorney General, but denied insofar as the Kentucky Plaintiffs allege or imply that DOL lacks rulemaking authority sufficient to promulgate the Final Rule.

54. The assertions in Paragraph 54 do not require a response because they constitute legal conclusions or legal arguments and the cited statute speaks for itself. To the extent a further response is required, admitted that the cited statute contains the quoted language.

55. The assertions in Paragraph 55 do not require a response because they constitute legal conclusions or legal arguments and the cited statute speaks for itself. To the extent a further response is required, admitted that the cited statute contains the quoted language.

56. The assertions in Paragraph 56 do not require a response because they constitute legal conclusions or legal arguments and the cited statute speaks for itself. To the extent a further response is required, admitted that the cited statute contains the quoted language.

57. The assertions in Paragraph 57 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, the assertions in Paragraph 57 are denied.

58. The assertions in Paragraph 58 do not require a response because they constitute legal conclusions or legal arguments and the statute described speaks for itself. To the extent a further response is required, the assertions in Paragraph 58 are denied.

59. The assertions in Paragraph 59 do not require a response because they constitute legal conclusions or legal arguments and the cited statute speaks for itself. To the extent a further response is required, admitted that the cited statute contains the quoted language.

60. The assertions in Paragraph 60 do not require a response because they constitute legal conclusions or legal arguments and the cited case speaks for itself. To the extent a further response is required, the assertions in Paragraph 60 are denied.

61. The assertions in Paragraph 61 do not require a response because they constitute legal conclusions or legal arguments and the cited statute speaks for itself. To the extent that the Kentucky Plaintiffs intend by the word "[i]ndeed" to incorporate prior allegations,

Intervenor-Defendants incorporate their responses to such allegations here. To the extent a further response is required, admitted that the cited statute contains the quoted language, but denied to the extent the Kentucky Plaintiffs allege or imply this is the only rulemaking authority DOL possesses or that the Final Rule exceeds DOL's rulemaking authority.

62. The assertions in Paragraph 62 do not require a response because they constitute legal conclusions or legal arguments and the cited statute speaks for itself. To the extent a further response is required, the assertions in Paragraph 62 are denied.

63. The assertions in Paragraph 63 do not require a response because they constitute legal conclusions or legal arguments and the cited case speaks for itself. The assertions in the footnote to Paragraph 63 do not require a response because they constitute further legal conclusions or legal arguments and the cited materials speak for themselves. To the extent a further response is required, admitted that the quoted language in the second and third sentences of Paragraph 63, and in the footnote to paragraph 63, appears in the cited cases, and otherwise denied.

64. The assertions in Paragraph 64 do not require a response because they constitute legal conclusions or legal arguments and the cited statute speaks for itself. To the extent the Kentucky Plaintiffs intend by the word "[i]ndeed" to incorporate prior allegations, Intervenor-Defendants incorporate their responses to such allegations here. To the extent a further response is required, the assertions in Paragraph 64 are denied.

65. The assertions in Paragraph 65 do not require a response because they constitute legal conclusions or legal arguments and the cited statutes speak for themselves. To the extent a further response is required, admitted that the quoted language appears in the cited statute.

66. The assertions in Paragraph 66 do not require a response because they constitute legal conclusions or legal arguments and the cited regulation speaks for itself. To the extent a further response is required, denied that the Final Rule "prohibits employers" generally from engaging in the activities described, as the Final Rule applies only to

agricultural employers who apply to hire H-2A employees; and further denied that the Final Rule is "strikingly similar" to the NLRA in any way that would mean or imply that the Final Rule is unlawful.

67. The assertions in Paragraph 67 do not require a response because they constitute legal conclusions or legal arguments and the cited materials speak for themselves. To the extent a further response is required, the assertions in Paragraph 67 are denied.

68. The assertions in paragraph 68 do not require a response because they constitute legal conclusions or legal arguments and the cited materials speak for themselves. To the extent a further response is required, the assertions in Paragraph 68 are denied.

69. The assertions in Paragraph 69 do not require a response because they constitute legal conclusions or legal arguments and the cited materials speak for themselves. To the extent a further response is required, the assertions in Paragraph 69 are denied insofar as the Kentucky Plaintiffs allege or imply that DOL lacks authority to promulgate the Final Rule or that Congress's delegation of such authority is unlawful.

70. The assertions in Paragraph 70 do not require a response because they constitute legal conclusions or legal arguments and the cited materials speak for themselves. To the extent a further response is required, admitted that the quoted language appears in the cited cases, and otherwise denied.

71. The assertions in Paragraph 71 do not require a response because they constitute legal conclusions or legal arguments and the cited materials speak for themselves. To the extent a further response is required, the assertions in Paragraph 71 are denied.

72. Paragraph 72 incorporates Paragraphs 1–71 of the Kentucky Plaintiffs' Complaint. Intervenor-Defendants similarly incorporate their responses to those Paragraphs here.

73. The assertions in Paragraph 73 do not require a response because they constitute legal conclusions or legal arguments and the cited case speaks for itself. To the extent a further response is required, the assertions in Paragraph 73 are denied insofar as the Kentucky Plaintiffs allege or imply that DOL violated the anti-commandeering doctrine here.

74. The assertions in Paragraph 74 do not require a response because they constitute legal conclusions or legal arguments and the cited materials speak for themselves. To the extent a further response is required, admitted that the quoted language appears in the cases cited, and denied insofar as the Kentucky Plaintiffs allege or imply that DOL violated the anti-commandeering doctrine here.

75. The assertions in Paragraph 75 do not require a response because they constitute legal conclusions or legal arguments and the cited regulation speaks for itself. To the extent a further response is required, the assertions in Paragraph 75 are denied.

76. The assertions in Paragraph 76 do not require a response because they constitute legal conclusions or legal arguments and the cited case speaks for itself. To the extent a further response is required, the assertions in Paragraph 76 are denied.

77. The assertions in Paragraph 77 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, denied insofar as the Kentucky Plaintiffs allege or imply "the Federal Government" has "direct[ed] the States to do what it could not do—including violating constitutionally[ ]protected rights like due process" via the Final Rule.

78. The assertions in Paragraph 78 do not require a response because they constitute legal conclusions or legal arguments and the cited materials speak for themselves. To the extent a further response is required, denied insofar as the Kentucky Plaintiffs allege or imply that due process invariably requires a pre-deprivation hearing.

79. The assertions in Paragraph 79 do not require a response because they constitute legal conclusions or legal arguments and the cited regulation speaks for itself. To the extent a further response is required, the assertions in Paragraph 79 are denied.

80. The assertions in Paragraph 80 do not require a response because they constitute legal conclusions or legal arguments and the cited regulation speaks for itself. To the extent a further response is required, admitted that the quoted language appears in the Final Rule.

81. The assertions in Paragraph 81 do not require a response because they constitute legal conclusions or legal arguments and the cited materials speak for themselves. To the extent a further response is required, the assertions in Paragraph 81 are denied.

82. The assertions in Paragraph 82 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, admitted that the due process clauses of the Fifth and Fourteenth Amendments apply to the United States and to the States, respectively; but denied insofar as the Kentucky Plaintiffs allege or imply that the Federal Government or the States have violated anyone's right to due process via promulgating the Final Rule; and further denied that the Federal Defendants have "commandeer[ed] the SWAs to do its unlawful work."

83. The assertions in Paragraph 83 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, admitted that state governments cannot be required to violate due process; but denied insofar as the Kentucky Plaintiffs allege or imply that the States have been "mandated to enforce the Final Rule," that the Final Rule violates due process, or that "[t]he anti-commandeering doctrine dictates that the Final Rule should be invalidated."

84. Paragraph 84 incorporates Paragraphs 1–83 of the Kentucky Plaintiffs' Complaint. Intervenor-Defendants similarly incorporate their responses to those Paragraphs here.

85. The assertions in Paragraph 85 do not require a response because they constitute legal conclusions or legal arguments and the cited cases speak for themselves. To the extent a further response is required, the assertions in Paragraph 85 are admitted.

86. The assertions in Paragraph 86 do not require a response because they constitute legal conclusions or legal arguments. The assertions in the footnote to Paragraph 86 do not require a response because they constitute further legal conclusions or legal arguments and the cited regulation speaks for itself. To the extent a further response is required, the assertions in Paragraph 86 and the footnote thereto are denied.

87. The assertions in Paragraph 87 do not require a response because they constitute legal conclusions or legal arguments and the cited regulation speaks for itself. To the extent

13

a further response is required, admitted that violating the Final Rule's anti-retaliation protections for collective action may lead to an agricultural employer's employment services being discontinued; and otherwise denied.

88. The assertions in Paragraph 88 do not require a response because they constitute legal conclusions or legal arguments and the cited statute speaks for itself. The assertions in the footnote to Paragraph 88 do not require a response because they constitute further legal conclusions or legal arguments and the cited regulation speaks for itself. To the extent a further response is required, admitted that 8 U.S.C. § 1188(a)(1) gives DOL authority to ensure the hiring of workers on H-2A visas will not have an adverse effect on U.S. workers similarly employed, and the assertions in Paragraph 88 are otherwise denied; further, the assertions in the footnote to Paragraph 88 are speculative, and Intervenor-Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of those assertions.

89. The assertions in Paragraph 89 do not require a response because they constitute legal conclusions or legal arguments and the cited case speaks for itself. To the extent a further response is required, the assertions in Paragraph 89 are denied.

90. The assertions in Paragraph 90 do not require a response because they constitute legal conclusions or legal arguments and the cited regulation speaks for itself. To the extent a further response is required, the assertions in Paragraph 90 are denied.

91. The assertions in Paragraph 91 do not require a response because they constitute legal conclusions or legal arguments and the cited case speaks for itself. To the extent a further response is required, the assertions in Paragraph 91 are denied.

92. The assertions in Paragraph 92 do not require a response because they constitute legal conclusions or legal arguments and the cited statute speaks for itself. To the extent a further response is required, the assertions in Paragraph 92 are denied.

93. The assertions in Paragraph 93 do not require a response because they constitute legal conclusions or legal arguments. To the extent a further response is required, the assertions in Paragraph 93 are denied.

To the extent any allegation of the complaint that requires a response is not otherwise herein specifically admitted or denied, it is hereby denied.

## DEFENSES

Intervenor-Defendants state the following defenses, without conceding that they bear the burden of proof or production with respect to any of them.

1. Plaintiffs fail to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).
2. Plaintiffs fail to demonstrate their entitlement to equitable relief.
3. Assuming *arguendo* that any section of the Final Rule challenged here is unlawful, the Kentucky Plaintiffs fail to establish their entitlement to relief from the bulk of the Final Rule, and each provision of the Final Rule is severable.

Respectfully submitted this 4th day of November, 2024.

/s/ *Nathan Leys*
Nathan Leys (CT 442014)
(*pro hac vice* motion forthcoming)
FarmSTAND
712 H St. NE, Suite 2534
Washington, D.C. 20002
Phone: (202) 630-3095
Fax: (978) 845-2282
E-mail: nathan@farmstand.org

/s/ *Daniel J. Canon*
Daniel J. Canon (KY 92048)
Saeed & Little, LLP
8777 Purdue Rd., Ste. 225
Indianapolis, IN 46268
dan@sllawfirm.com
(317) 721-9214

***Attorneys for Proposed Intervenor-Defendants***