# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# LEXINGTON DIVISION

RICHARD BARTON, *et al.*

      Plaintiffs,

  v.

UNITED STATES DEPARTMENT OF LABOR, *et al.*,

      Defendants.

Case No. 5:24-cv-00249-DCR

**DEFENDANTS' OPPOSITION TO MOTION FOR PERMISSIVE INTERVENTION AND CONDITIONAL MOTION FOR INTERVENTION AS OF RIGHT**

A legal service provider, two farmworkers' rights organizations, and three agricultural workers, including an H-2A worker, have moved to intervene as defendants in this case to defend the Final Rule, *Improving Protections for Workers in Temporary Agricultural Employment in the United States*, 89 Fed. Reg. 33,898 (Apr. 29, 2024) ("Final Rule" or "Rule"). *See* Mot. to Intervene, ECF No. 38. Movants seek permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(1)(B), or, in the alternative, treatment as a "'a standby or conditional applica[nt] for leave to intervene' as-of-right" under Federal Rule of Civil Procedure 24(a)(2). *Id*. at 1. The Court should deny the motion because Movants fail to meet the requirements for permissive intervention, and Fed. R. Civ. Pro. 24(a)(2) does not provide for treatment as a "standby or conditional" applicant.

Under Rule 24(b), "a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact. Once these two requirements are established, the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). "[T]he balancing of undue delay, prejudice to the original parties, and any other relevant factors is reviewed for an abuse of discretion." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997). Like previous movants in the ongoing parallel litigation in Georgia, the present Movants' "rights are currently represented adequately by the government, and their addition as parties raises resource duplication and delay issues." Order, *Kansas v. DOL*, No. 24-cv-076 (S.D. Ga. July 19, 2024), ECF No. 81 (denying motion to intervene).

Permissive intervention should be denied when it would hinder "the interests of judicial economy," *Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011), and "serve to unnecessarily complicate the management of the case, causing undue delay." *A.C.L.U. of Michigan v. Trinity Health Corp.*, No. 15-CV-12611, 2016 WL 922950, at *4 (E.D. Mich. Mar. 10, 2016). Even when "proposed intervenors' perspective is different from that of the [government]," they still must "demonstrate[] their contribution to the litigation will add unique value such that intervention is

1

necessary." *Ark Encounter, LLC v. Stewart*, 311 F.R.D. 414, 426 (E.D. Ky. 2015); *see also Blount-Hill v. Ohio*, 244 F.R.D. 399, 404 (S.D. Ohio 2005) (denying a party's motion for permissive intervention when the party had a different perspective because "its contribution [would not] add anything of unique value."), *aff'd sub nom. Blount-Hill v. Bd. of Educ. of Ohio*, 195 F. App'x 482 (6th Cir. 2006).

As with intervention as-of-right, permissive intervention should be denied when the movant's interests are already adequately represented. *See Tiger Lily LLC v. United States Dep't of Hous. & Urb. Dev.*, No. 2:20-CV-2692-MSN-ATC, 2020 WL 7658076, at *3 (W.D. Tenn. Oct. 21, 2020) (denying intervention as-of-right due to existing adequacy of representation, then denying permissive intervention for the same reason). When a movant "shares nearly identical interests and arguments with Defendants," permissive intervention "cause[s] delay and unnecessar[y] complicat[ion]." *Id.* at *3. Moreover, a movant must "'overcom[e] the presumption of adequacy of representation that arises when the proposed intervenor and a party to the suit . . . have the same ultimate objective.'" *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987) (quoting *Wade v. Goldschmidt*, 673 F.2d 182, 186 n. 7 (7th Cir.1982)).

Permissive intervention is inappropriate here because Movants' participation would be duplicative of the government's defense, resulting in a waste of judicial time and resources, as well as the parties'. As Movants acknowledge, they "seek the same relief as the Government Defendants—a dispositive ruling that leaves the Final Rule untouched." Mem. in Supp. of Mot. to Intervene at 2, n. 1, ECF No. 38-1. The government is already adequately defending the Final Rule in its entirety. *See generally* Defs. Mem. in Opp'n. to Prelim. Inj., ECF No. 34; *see also* Order, *Kansas v. DOL*, No. 24-cv-076 (S.D. Ga. July 19, 2024), ECF No. 81. Moreover, the Court's review of the Final Rule will be based on the administrative record before the agency when it issued the rule and the contemporaneous reasoning it espoused and, accordingly, not on any post hoc rationale or policies for the rule that Movants—but not the government—might advance. *See Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 591 U.S. 657, 682 (2020); *FCC v. Prometheus Radio Project*, 592 U.S. 414, 423

(2021)). This unnecessary duplication does not warrant permissive intervention, particularly in light of the Movants' ability to share their perspective with the Court as amici.[1]

Additionally, intervention may needlessly complicate the issues and cause undue delay. "Adding parties to a case almost always results in some delay . . .. In determining whether [the] extra time would be an undue delay, the court must balance the delay threatened by intervention against the advantages promised by it." *Ohio Valley Env't Coal., Inc. v. McCarthy*, 313 F.R.D. 10, 30 (S.D.W. Va. 2015). As already discussed, Movants' participation is unlikely to contribute a significant advantage to the litigation where merits review is based on the administrative record. The burden, on the other hand, of accommodating additional parties to the litigation would "'necessarily complicate'" the process and "consume additional resources of the court and the parties.'" *Stuart*, 706 F.3d at 355 (citations omitted). The resulting balance weighs against granting Movants' request under Rule 24(b).

Movants' alternative request for "standby" or "conditional" intervention should also be denied. The text of Rule 24(a)(2), which Movants invoke, reads: "On timely motion, the court must permit anyone to intervene who: claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. Pro. 24(a)(2). Recognizing that their interests are already "adequately represent[ed]", *id.*, Movants request to be treated as "conditional" or "standby" applicants, which would defer an intervention determination, because they speculate that at some point the government may no longer be an adequate representative of their interest. *See* Mem. in Supp. of Mot. to Intervene at 16-17, ECF No. 38-1.

The concept of standby intervention is a judicial creation, *see Solid Waste Agency of N. Cook Cnty. v. U.S. Army Corps of Eng'rs*, 101 F.3d 503, 509 (7th Cir. 1996) ("*SWANCC*"), that finds no support in the text of Rule 24(a)(2) and has not been embraced by the Sixth Circuit nor

---

[1] The government does not oppose Movants' request to participate as amici. *See* Mot. to Intervene, ECF No. 38.

3

any other U.S. circuit court of appeals. *See Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 974 (3d Cir. 1998) (discussing *SWANCC* and finding that "on balance, intervenors and the public interest in efficient handling of litigation are better served by prompt action on a[n] intervention motion."). With one exception, all the cases Movants cite in which a standby intervention was granted occurred in the Seventh Circuit where the concept originated. *See* Mem. in Supp. of Mot. to Intervene at 16, ECF No. 38-1. And in the single case from a different circuit, *Miller v. Vilsack*, No. 4:21-cv-595 (N.D. Tex. May 2, 2022), the motion for conditional intervention went unopposed, therefore the court granted it without providing any analysis about the merits of the doctrine. *Id.*, ECF No. 24.

When interpreting the Federal Rules of Civil Procedure, the Sixth Circuit has declined to graft new requirements or exceptions onto them that are not within their plain meaning. *See United States v. Llanez-Garcia*, 735 F.3d 483, 494 (6th Cir. 2013) (holding that trial court's "reasoning was in error" when it required a defendant to "first ask the government for discovery under Rule 16 before subpoenaing evidence under Rule 17" because it found "no support in the text or the purpose of either rule"). The text of Rule 24 includes no mention of a "standby" or "conditional" intervention, nor is there anything to suggests its purpose would be advanced by it. Indeed, the Rule's requirement that intervention be "timely," *i.e.*, neither delayed nor premature, would suggest the opposite. Rule 24 motions need not be granted "based upon speculation that intervention may be useful for protecting one's rights, if the need for such protection should arise at some point in the proceedings." *United States v. Microsoft Corp.*, No. CIV.A.98-1232(CKK), 2002 WL 319784, at *2 (D.D.C. Jan. 28, 2002). When a Rule 24 motion is made "in anticipation of an actual need for intervention, the Court shall deny the motion as premature." *Id.*; *see also Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990) ("An interest that is . . . contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy [Rule 24]"). If circumstances change in a material way in the future, Movants may seek intervention at that point, but there is plainly nothing in Rule 24 that allows a party to intervene on a conditional or standby basis.

4

For the foregoing reasons, Movants' motion for permissive intervention or, in the alternative, "conditional or standby" intervention as-of-right should be denied.

Dated:  November 25, 2024    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JULIE STRAUS HARRIS
Assistant Branch Director

*/s/ Michael P. Clendenen*
MICHAEL P. CLENDENEN
MICHAEL J. GAFFNEY
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington, D.C. 20005
Telephone:   (202) 305-0693
Facsimile:    (202) 616-8470
E-mail:          Michael.P.Clendenen@usdoj.gov

*Attorneys for Defendants*

5